IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. JORGE MARTINEZ, Defendant. | Case No. 97-cr-659  Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Defendant Jorge Martinez moves under the First Step Act to reduce his sentence for his convictions for engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848(a) and various narcotics offenses. [950]. For the reasons explained below, this Court denies Martinez's motion.

**I. Background**

In September 1997, the government charged Martinez and thirteen others with committing various drug crimes. [3]. In 1998, a jury convicted Martinez of conspiring to possess with intent to distribute and to distribute mixtures containing cocaine, cocaine base, heroin, and marijuana in violation of 21 U.S.C § 846 (Count 1); engaging in a Continuing Criminal Enterprise (CCE) in violation of 21 U.S.C. § 848(a) (Count 2); use of a Communication Facility in the Commission of a Narcotics Conspiracy in violation of 21 U.S.C. § 843(b) (Counts 5, 6, 8, 9, 13, and 16); and distribution of various amounts of cocaine in violation of 21 U.S.C. § 841(a)(1) (Counts 10–12, 14, 15, 18–21). *See* [3]; [473]; *United States v. Colon*, No. 97 CR 659, at *1 (N.D. Ill. Jan. 8,

1

1999), *aff'd sub nom. United States v. Souffront*, 338 F.3d 809 (7th Cir. 2003); [879] at 5. Before sentencing, the judge vacated Martinez's conspiracy conviction in Count I pursuant to the double jeopardy clause of the Fifth Amendment because the jury also convicted him on the CCE charge. *Colon*, 1999 WL 77226, at *11. The sentencing judge then sentenced Martinez to 400 months on Count II (the CCE charge), and 96 months imprisonment on the remaining counts, to be served concurrently with Count II. [760] *see also* [803]; [879] at 6. The Seventh Circuit affirmed Martinez's conviction and sentence. *Souffront*, 338 F.3d at 824. Martinez moves now for a reduction in his life sentence under the First Step Act. [950].

## II. Standard of Review

Congress passed the Fair Sentencing Act in 2010. *United States v. Clay*, 50 F.4th 608, 610 (7th Cir. 2022). Among other things, the Fair Sentencing Act reduced the sentences for many crack cocaine offenses by "increasing the quantity of crack cocaine required to trigger the minimum ten-year sentence from 50 grams to 280 grams." *Id.* (citing Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010); 21 U.S.C. § 841(b)(1)(A)(iii)). More specifically, the Fair Sentencing Act raised the drug quantity trigger for a 10-year minimum sentence under 21 U.S.C. § 841(b)(1)(A) and 21 U.S.C. § 960(b)(1) from 50 grams to 280 grams of crack, and the 5-year minimum trigger under 21 U.S.C. § 841(b)(1)(B) and 21 U.S.C. § 960(b)(2) from 5 grams to 28 grams. § 2, 124 Stat. at 2372. The Fair Sentencing Act also eliminated the mandatory minimum sentence for simple possession of crack under 21 U.S.C. § 844(a). § 3, 124

2

Stat. at 2372. These changes only applied, however, to defendants who had committed their offenses after August 3, 2010. *Clay*, 50 F.4th at 610.

In 2018, Congress passed the First Step Act, which made certain provisions of the Fair Sentencing Act retroactive. *Id.* (citing Pub. L. No. 115-391 § 404, 132 Stat. 5194, 5222); *see also United States v. Dawson*, No. 22-1050, 2023 WL 334008, at *1 (7th Cir. Jan. 20, 2023). In relevant part, Section 404(b) of the First Step Act allows a "court that imposed a sentence for a covered offense" to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." *United States v. McSwain*, 25 F.4th 533, 537 (7th Cir. 2022). Under Section 404(b), "covered offense" means a "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." *Id.* Courts review a motion for reduction of sentence under the First Step Act in two parts. *Id.* First, this Court determines whether the defendant is eligible for relief; second, it decides whether the defendant's sentence should be reduced. *Id.*; *see also United States v. Corner*, 967 F.3d 662, 665 (7th Cir. 2020); *United States v. Hudson*, 967 F.3d 605, 610 (7th Cir. 2020).

### III. Analysis

As this Court found in *United States v. Colon*, and the Seventh Circuit affirmed, Martinez's sentence for the CCE conviction is not a sentence for a "covered offense" that makes him eligible for relief under the First Step Act. *United States v. Colon*,

No. 97-cr-659, 2021 WL 2078422 (N.D. Ill. Feb. 17, 2023), *aff'd*, 100 F.4th 940 (2024). So too for his convictions under § 843(b) and § 841.

Eligibility "is a question of statutory interpretation." *United States v. Clay*, 50 F.4th 608, 611 (7th Cir. 2022). The Supreme Court instructs that a defendant "is eligible for a sentence reduction under the First Step Act only if he previously received 'a sentence for a covered offense.'" *Terry v. United States*, 141 S. Ct. 1858, 1862 (2021) (quoting § 404(b), 132 Stat. 5222). To answer this question, the Court "asks whether the Fair Sentencing Act modified the statutory penalties for [Martinez]'s offense." *Id.*

The sentence for which Martinez seeks reduction is the 400-month sentence the Court imposed for his CCE conviction under Section 848(a) which provides, in relevant part, that any "person who engages in a continuing criminal enterprise shall be sentenced to a term of imprisonment which may not be less than 20 years and which may be up to life imprisonment." 21 U.S.C § 848(a). The CCE conviction is not a covered offense because the statutory penalty range for this offense—a violation of Section 848(a)—"remained the same before and after" the First Step Act: "20 years to life imprisonment, a fine, and a term of supervised release." *United States v. Thomas*, 32 F.4th 420, 427 (4th Cir. 2022); *see* 21 U.S.C. § 848(a); *see also, e.g.*, *United States v. Smith*, No. 04-80857, 2020 WL 3790370, at *7 (E.D. Mich. July 7, 2020) (concluding that the defendant was ineligible for First Step Act relief because he "was only charged and convicted under § 848(a), an "entirely self-contained subsection of the

4

statute, the statutory penalty for which was not modified by the Fair Sentencing Act in any way").

After *Terry*, "only the statutory penalties for the defendant's offense are relevant, and so the statutory penalties for the underlying drug violations are not." *Colon*, 100 F.4th at 944. Thus, although a CCE conviction depends on the consideration of a broader statutory scheme encompassing predicate narcotics violations, Martinez's relevant offense here is only his CCE conviction under Section 848(a)—a standalone offense that carries with it independent penalties apart from the predicate narcotics offenses. *Compare* 21 U.S.C. § 848(a) *with* 21 U.S.C. § 841(a), (b) *and* 21 U.S.C. § 843(d). Like his co-defendant Colon, because Martinez was "charged convicted, and sentenced under §848(a), he was not convicted of a covered offense." *Colon*, 100 F.4th at 944.

This principle also negates Martinez's argument that his predicate conviction under §841(a)(1), a covered offense, makes him eligible for relief. "The fact that [Martinez], unlike the defendant in *Thomas*, was *also* convicted under §841(a) does not help him because he was subject to penalties under §841(b)(1)(C), which were not modified by the Act." *Id.* In other words, even if Martinez was convicted of other covered offenses, the Fair Sentencing Act did not change the statutes that actually supplied his penalties. Therefore, Martinez was not convicted of a "covered offense" qualifying him for a sentence reduction under the First Step Act.

**IV. Conclusion**

For the reasons explained above, this Court denies Martinez's motion for First Step Act relief [950] because he is not eligible for a sentence reduction.

E N T E R:

Dated: June 11, 2024

MARY M. ROWLAND
United States District Judge